163 So.2d 222

**Merritt WEST**

v.

**STATE.**

4 Div. 487.

Court of Appeals of Alabama.

April 14, 1964.

John C. Walters, Troy, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Merritt West, was indicted by the Grand Jury of Barbour County for the offense of assault with intent to murder. After trial, the jury returned a verdict of guilty of assault and declined to assess punishment. The trial judge then sentenced the appellant to imprisonment in the county jail for a period of ninety days. This sentence was suspended for six months pending good behavior. Appellant's motion for a new trial was overruled and he brings this appeal.

The evidence reveals that Harbison-Walker Refracters Company, a mining business, had a lease on the property on which the appellant and his parents lived. On the afternoon of September 6, 1961, the appellant came home from Dothan and took a shotgun from his house into the woods where Mr. Lee Morton was working as an employee of the mining company. The State contends that an argument ensued between the appellant and Morton and that appellant shot in Morton's direction, after which Morton walked through the woods to his automobile. It was further contended by the State that the appellant then shot at Morton as he was driving away in his automobile.

The appellant introduced evidence showing that he was in the habit of carrying a gun because of the snake infested woods surrounding his house and that his gun discharged accidentally when he met Morton. He also contended that there was no argument between them as charged by the State and that he did not follow Morton to his automobile and fire a second shot. The appellant also introduced evidence as to his good character.

During cross-examination, the solicitor asked the appellant whether or not he apologized to Morton after the gun discharged. The appellant contends that the trial court committed error in overruling his objection and permitting the witness to answer this question. We find no error by the court in permitting the solicitor to inquire of the appellant as to whether or not he made an apology to the assaulted party. The defendant maintains that the discharge of the gun was an accident and under such theory, it is our opinion that this question was legitimate cross-examination reflecting upon the intent of the defendant at the time of the firing of the weapon.

The trial court did not commit error in not permitting the defendant to testify that he did not intend to shoot Morton. Such a question falls within the

well established principle of law that the defendant in a criminal case is not permitted to testify as to his own intention on direct examination.

Testimony as to a second shot by the appellant at or near the Morton automobile was properly admitted as it appears such was within the realm of time embraced within the res gestae.

The record reflects sufficient evidence to generate a question for the jury as to the guilt or innocence of the appellant as charged in the indictment which included lesser offenses, one of which he was convicted of.

We find no error to warrant a reversal of this cause and the same is hereby

Affirmed.